ERCOLE DONATO DE PAOLO, PLAINTIFF-APPELLEE, v.
CONCETTA TESTA AND SALVATORE TESTA, DEFEND-
ANTS-APPELLANTS.

Submitted October 11, 1935—Decided August 27, 1936.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the defendants-appellants, *Wall, Haight, Carey &
Hartpence.*

For the plaintiff-appellee, *Aurel Villari (John Drewen,*
of counsel).

PER CURIAM.

This is the defendants' appeal from a judgment in favor
of the plaintiff rendered by the trial judge, sitting without a
jury, in the Second District Court of Jersey City.

The plaintiff alleged in his state of demand, and proved at
the trial, the fact that he fell from the fifth step of a stairway
between the third and fourth floors of the apartment house
owned by the defendants in which the plaintiff and others
were tenants, and in which the defendants maintained the
stairways under their own control. The plaintiff's testimony
was to the effect that immediately after he fell he turned
and noticed a rip in the carpet on the fifth step, which caused
his fall and which defect he had not seen before.

The superintendent of the apartment house called by plain-
tiff as a witness testified that for some time prior to the date
of the accident she had been janitress for the building and
that the three flights of stairs leading from the first to the
fourth floor for a long time had been in a state of disrepair;

that there were numerous tears in the carpet and many nosings had been removed from the stairs, for more than two years prior to the accident; that the defendant owner of the house had walked up and down these stairs many times while she was cleaning the stairs, at which times the stairs were in the defective condition as described.

The plaintiff further testified that his right hand was fractured in the accident and that he was unable to continue his regular work as a carpenter for sometime thereafter, and he testified that he was unable to work and was compelled to hire other carpenters to do the work that he would have done had he not been injured. His physician testified that he treated the plaintiff's hand; that it was fractured and that the plaintiff was unable to use the hand for more than two months after the accident.

The defendants contend that the plaintiff failed to assume the burden of proving that the defendants were legally negligent, and that such negligence was the cause of the accident.

We have examined the state of the case as agreed upon by the parties and we conclude that the defendants' contention in this respect is without merit.

The defendants also contend that "plaintiff has failed to prove loss of profits as a measure of damages." We see no merit in this point. What the plaintiff proved on this aspect of the case was his loss of time and earnings as a carpenter consequent upon his injury, and in this connection, payments made to others to substitute for him in doing carpenter work which before the accident he had obligated himself to perform.

The agreed state of the case in our judgment amply justifies the judgment rendered by the trial judge.

The judgment will be affirmed, with costs.